UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ADELEYE, an individual; and J.H., a minor, by and through her guardian ad litem;<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.;<br><br>　　　　　　　　　　　　Defendants. | Case No.: 16cv0234-LAB(RBB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2], PRECLUDING ADELEYE FROM ACTING AS GUARDIAN AD LITEM FOR J.H., AND ADDRESSING THE MINOR'S NEED FOR COUNSEL** |

　　　　On January 29, 2016, Plaintiff Matthew Adeleye commenced this lawsuit against several Defendants for violation of federal civil rights, violation of state civil rights, negligent and intentional infliction of emotional distress, negligent and intentional infliction of physical harm, negligence, liability for children's torts, and declaratory relief. (Compl. 1, ECF No. 1.) The same day, Adeleye also filed an "Application to Proceed in District Court Without Prepaying Fees or Costs" (the "Motion to Proceed in Forma Pauperis") [ECF No. 2]. In the Complaint, Adeleye alleges that he is the father of Plaintiff J.H., a minor. (Id. at 2.) The Complaint contains claims by the Plaintiffs against multiple Defendants. (See id. at 1-2, 14, 16.)

　　　　On February 9, 2016, this case was referred to the undersigned [ECF No. 3]. For the reasons explained below, Matthew Adeleye's Motion to Proceed in Forma Pauperis is

**GRANTED**.  At this stage, however, Adeleye cannot act as guardian ad litem for the minor absent an application for his appointment.  Additionally, any claims asserted on behalf of the minor must be pursued by counsel.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  See 28 U.S.C.A. § 1914(a) (West 2006).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  All actions sought to be filed in forma pauperis under 28 U.S.C. § 1915 must be accompanied by an affidavit signed by the applicant under penalty of perjury that includes a statement of all assets showing inability to pay initial fees or give security.  28 U.S.C.A. § 1915(a)(1) (West 2006); S.D. Cal. Civ. R. 3.2(a).

On January 29, 2016, Adeleye submitted an affidavit stating that his average monthly income during the past twelve months was $1,200.  (Pl.'s Mot. Proceed in Forma Pauperis 1, ECF No. 2.)  He expects to earn $1,600 in February of 2016, but indicates that he has no cash or assets.  (Id. at 1-3.)  Adeleye has a three-year-old daughter who relies on him for support, and he spends $1,150 per month on housing, food, and transportation.  (Id. at 3-4.)  He indicates that he does not have any money left after paying his living expenses.  (Id. at 5.)  Based on the declaration describing his current financial resources, Adeleye has sufficiently shown that he cannot pay the filing fee.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).

But Adeleye's inability to pay the filing fee does not fully resolve the issues raised by the Complaint.  Adeleye alleges that he is the father of the minor, Plaintiff J.H.  (See Compl. 1, ECF No. 1.)  Adeleye apparently assumes that he may act as guardian ad litem for J.H.  (See id. at 1-2.)

This Court has the authority to sua sponte consider the appropriateness of a guardian ad litem.  See Merritt v. McKenney, No. C 13–01391 JSW, 2013 WL 4552672, at *4 (N.D. Cal. Aug. 27, 2013) ("[I]n light of Rule 17(c)(2), the Court has considered,

sua sponte whether it should appoint a guardian ad litem . . . and concludes it will not."); see also AT & T Mobility LLC v. Yeager, No. 2:13–cv–0007–KJM–DAD, 2015 WL 2452810, at *1 (E.D. Cal. May 21, 2015) (citations omitted) ("The court is under 'legal obligation' to consider whether an incompetent person is adequately protected. . . . The court may raise the issue sua sponte."); Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003) ("[N]othing in [Rule 17(c)] prevents a district court from exercising its discretion to consider sua sponte the appropriateness of appointing a guardian ad litem for a litigant whose behavior raises a significant question regarding his or her mental competency."). The Court finds it appropriate to exercise this authority in the present case.

The circumstances here raise the question of who may act as the guardian ad litem for the minor, J.H. Rule 17 of the Federal Rules of Civil Procedure states that "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

"An individual's capacity to sue is determined 'by the law of the individual's domicile.'" Greenspan v. Cty. of San Diego, No. 13cv210–LAB (DHB), 2013 WL 2089015, at *1 (S.D. Cal. May 14, 2013) (quoting Fed. R. Civ. P. 17(b)). J.H. appears to live in California. (See Compl. 2, ECF No. 1.) Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502(a)(2) (West 2013). "A minor may enforce the minor's rights by civil action . . . , except that a guardian [or guardian ad litem] must conduct the action or proceedings." Cal. Fam. Code § 6601 (West 2013).

When determining the appropriateness of a guardian ad litem, courts "consider whether the minor and the guardian have divergent interests." Cal. Civ. Proc. Code § 372(b)(1)(D) (West Supp. 2016). Additionally, when a guardian is appointed, that person "must retain a lawyer, because a non-lawyer may not appear as an attorney for anyone other than himself." Plante v. United States, No. 13cv0310–GPC–KSC, 2015 WL

5793712, at *4 (S.D. Cal. Oct. 1, 2015) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Adeleye cannot act as the guardian ad litem for J.H. First, although his status as both the father of J.H. and a party to this litigation does not alone create a conflict of interest, a potential conflict exists. See Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) (citations omitted) ("[W]hen a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest.").

Adeleye alleges that he was denied custody of J.H. for a period of time based on allegations of neglect or abuse. (See Compl. 7-13, ECF No. 1.) Because Adeleye's interests may diverge from J.H.'s interests, he may not serve as her guardian ad litem. See Kulya v. City & Cnty. of San Francisco, No. C 06-06539 JSW, 2007 WL 760776, at *2 (N.D. Cal. Mar. 9, 2007) ("[T]here is at a minimum a potential conflict of interest between Georgiy and Yvan because of the allegations of abuse which form the ostensible basis for Defendants' subsequent conduct. As a result, despite being Yvan's father, Georgiy is not a suitable choice for guardian ad litem in this litigation.").

But even if the Court were to conclude that Adeleye would be a proper guardian ad litem for J.H., the minor's claims cannot proceed because the minor is not represented by counsel. (See Compl. 1, ECF No. 1.) In Johns, the Ninth Circuit wrote, "[W]e are bound by our general holding in C.E. Pope that a non-lawyer 'has no authority to appear as an attorney for others than himself.' . . . Accordingly, we hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns, 114 F.3d at 877 (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). Without a guardian ad litem and retained counsel, J.H. is precluded from pursuing her action. See Plante, 2015 WL 5793712, at *5 ("[A]ssuming that the Court were to formally appoint Plaintiff or Plaintiff's brother as guardian ad litem for C.J.S., the action cannot proceed because Plaintiff has not retained a lawyer." (citing Johns, 114 F.3d at 877; C.E. Pope Equity Trust, 818 F.2d at 697)).

For these reasons, Adeleye's Motion to Proceed in Forma Pauperis [ECF No. 2] is **GRANTED**. Adeleye, however, has not been appointed to act as a guardian ad litem for J.H., and because he is not an attorney, Adeleye may not prosecute claims on the minor's behalf. Absent further order of this Court, Plaintiff Adeleye is precluded from acting as guardian ad litem for the minor, and the minor must be represented by counsel.

IT IS SO ORDERED.

Dated: February 24, 2016

RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

cc: Judge Burns
    All Parties of Record