# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ADELEYE, et al.,<br><br>                      Plaintiffs,<br>  vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                      Defendants. | CASE NO. 16cv234-LAB (RBB)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL, GRANTING THE CITY OF SAN DIEGO'S MOTION TO DISMISS, AND ORDERING ADELEYE TO PROVIDE A CURRENT ADDRESS** |

### I. Request for Appointment of Counsel

Matthew Adeleye filed a request for appointment of counsel under 42 U.S.C. § 2000e–5(f)(1), which provides for appointment of counsel for claims of employment discrimination under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. (Docket no. 10); *McChain v. Veterans Admin.*, 2011 WL 108547, at *1 (S.D. Cal. Jan. 11, 2011). Since this case doesn't arise under either act, the Court construes the request as a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *See id*. Section 1915(e)(1) gives district courts discretion to appoint counsel for indigent persons in "exceptional circumstances." *Id.* "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal

quotation marks omitted). Some courts also look at the plaintiff's attempts to secure counsel on his or her own. *See Howard v. Farmers Ins. Co.*, 2015 WL 1622981, at *2 (C.D. Cal. Apr. 10, 2015) ("While Plaintiff's likelihood of success on the merits is hard to estimate at this stage, if he is likely to succeed, that suggests . . . that he could probably find a private attorney to take the case for him.").

Adeleye declares that he contacted three attorneys; two wanted "a large amount of money" and the third wasn't interested. (Docket no. 10 at 3.) Adeleye's efforts were insufficient. *Cf. Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *3 (D. Haw. Dec. 30, 2014) (denying a request under § 2000e–5(f)(1), and reasoning that plaintiffs' attempts to obtain counsel were insufficient where the plaintiff contacted only seven attorneys); *see also Turner v. Dep't of Educ.*, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (same). At this preliminary stage of the proceedings, the Court **DENIES** Adeleye's motion without prejudice.

## II. Motion to Dismiss Claims Against the City of San Diego

Adeleye and J.H.'s complaint doesn't allege any facts involving the City of San Diego; the allegations all relate to the County of San Diego and its social workers. So the City's unopposed motion to dismiss the claims against it (Docket no. 12) is **GRANTED** and the claims against the City of San Diego are **DISMISSED WITH LEAVE TO AMEND**. If Adeleye and J.H. choose to file an amended complaint to assert claims against the City, they must do so by October 17, 2016.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. Mail Returned as Undeliverable

Under Civil Local Rule 83.11(b):

> A party proceeding pro se must keep the court and opposing parties advised as to current address. If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute.

On June 22, 2016, mail sent to Adeleye was returned as undeliverable. (Docket no. 14.) **Pursuant to Civil Local Rule 83.11(b), the Court will dismiss this action without prejudice if Adeleye doesn't notify the Court and all parties of his current address by November 21, 2016.**

**IT IS SO ORDERED**.

DATED: September 14, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge